UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDWIN W. LOCKHART,

     Plaintiff,

v.                                                                          Case No.  5:22-cv-194-KKM-PRL

DUANE CUNNINGHAM, et al.,

     Defendants.

_____

**ORDER**

    Plaintiff Edwin W. Lockhart sues three medical professionals and the Secretary of

the Florida Department of Corrections (each in their individual capacity) under 42 U.S.C.

§ 1983. (Doc. 1.) Lockhart alleges he was denied adequate medical care while incarcerated

at Marion Correctional Institution. (*Id.* at 8-9.) For the reasons explained below, the

Complaint (Doc. 1) is dismissed without prejudice, and Lockhart must file an amended

complaint if he desires to proceed in this action.

    **I.**    **Legal Background**

        a.  <u>Section 1915</u>

    Under 28 U.S.C. § 1915A(a), federal courts must conduct an initial screening of

civil suits brought by prisoners seeking redress from a governmental entity or its employee

to determine whether they should proceed. Upon review, a court is required to dismiss a

complaint (or any portion thereof) that is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2).

A complaint is frivolous if it is without arguable merit either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)"). Additionally, courts must read a plaintiff's pro se allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

b. <u>Section 1983</u>

Lockhart's claim arises under 42 U.S.C. § 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990) (citations omitted). To successfully plead a § 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* at 996–97 (citations omitted). Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

## II.   Analysis

Lockhart, who is confined at Marion Correctional Institution (MCI) and proceeds pro se in this action, sues Duane Cunningham, a Nurse Practitioner at MCI employed by Centurion of Florida, LLC (Centurion); Carrie Daffron, Health Services Administrator of MCI employed by Centurion; Jason Brenes, Region 3 Medical Director of the Florida Department of Corrections (FDOC) employed by Centurion; and Ricky Dixon, Secretary, FDOC. Lockhart claims the Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and deprived him of his right to due process of law in violation of the Fourteenth Amendment of the United States Constitution. (Doc. 1 at 8.) Lockhart contends that the Defendants' acts constituted "gross negligence." *Id.*

Lockhart alleges that he served in the United States Army from March 1, 1976, through February 29, 1980, and during his term of service he had surgery on his left hip and thigh, requiring pins and rods to stabilize his hip and thigh; he suffered spinal damage to L4 and L5 lumbar; and he had surgery on his left shoulder. (*Id.* at 8.) He received a disability rating of 60 percent from the Department of Veterans Affairs (VA). (*Id.*) Upon his entry into the FDOC almost eight years ago, he was diagnosed, given a walker, and received passes for lower bunk, restricted activity, no prolonged standing, no pushing, pulling, or lifting, and an extra pillow to aid with spinal pain. (*Id.* at 8-9.) Lockhard alleges

that Defendant Cunningham then took away Lockhart's walker and all of the passes. (*Id.* at 9.) Lockhart filed a formal grievance on December 18, 2021, and Defendant Brenes, on December 28, 2021, upheld the decision without an investigation into the VA records. (*Id.*) Lockhart pursued an informal grievance, and Defendant Daffron upheld Cunningham's decision without any investigation into Lockhart's American with Disabilities Act (ADA) status or VA disability. (*Id.*) Lockhart appealed to the Secretary, FDOC, and Michelle Schouest, a classification officer, responded on February 11, 2022, upholding the decision without investigation. (*Id.*)

Lockhart filed another informal grievance on February 24, 2022, and Kelly Ann Sites, an Administrative Assistant at MCI, Centurion, denied relief. (*Id.*) Defendant Dixon upheld the decisions. (*Id.*) Lockhart seeks injunctive relief and nominal and punitive damages "due to this gross negligence" as well as all other relief that the Court deems appropriate. (*Id.*)

To allege deliberate indifference to a serious medical need, a plaintiff must allege an objectively serious medical need and that a prison official acted with an attitude of "deliberate indifference" to that serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th

Cir. 2009) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). To demonstrate deliberate indifference, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (alteration in original) (internal quotation marks and citation omitted). *See Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020) (same); *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008) (same).

Lockhart's Complaint is deficient in several ways. His allegation that he was deprived of due process is conclusory and devoid of factual support. He alleges that he used the grievance process on several occasions, and the Defendants or other individuals responded to his grievances. To the extent Plaintiff is alleging his grievances have been mishandled, mismanaged, or improperly denied, such a claim does not support a § 1983 action. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (concluding that prison officials who were not involved in termination from job and whose only function involved the denial of administrative grievances or the failure to act were not liable under § 1983 on a theory that the failure to act constituted an acquiescence in the unconstitutional conduct). As such, Lockhart's dissatisfaction with Defendants' responses to grievances fails to state a plausible claim for a denial of due process under the Fourteenth Amendment. A supervisor's or reviewer's denial of a grievance is insufficient to establish liability under §

1983 absent allegations that the supervisor or reviewer personally participated in the purported "unconstitutional conduct brought to light by the grievance." *Williams v. Adkinson,* No. 3:17cv184/LAC/EMT, 2020 WL 982007, at *5 (N.D. Fla. Feb. 7, 2020), *report and recommendation adopted by* 2020 WL 980144 (N.D. Fla. Feb. 28, 2020), *appeal dismissed sub nom. Williams v. Sheppard,* No. 20-10998-C, 2020 WL 5536689 (11th Cir. July 14, 2020). *See also Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) (same).

To the extent Lockhart is raising a substantive due process claim based on the alleged denial of adequate medical care, such a claim is redundant of the Eighth amendment claim that he asserts. When a constitutional amendment "provides an explicit textual source of constitutional protection," that amendment guides the analysis, "not the more generalized notion of 'substantive due process.'" *Graham v. Connor,* 490 U.S. 386, 395 (1989). *See also Whitley v. Albers,* 475 U.S. 312, 327 (1986) (holding the Due Process Clause provides no greater protection than does the Eighth Amendment's Cruel and Unusual Punishments clause). Indeed, "the standards under the Fourteenth Amendment are identical to those under the Eighth." *Goebert,* 510 F.3d at 1326 (citation omitted).

An Eighth Amendment claim for deliberate indifference to a serious medical need is cognizable under § 1983, but to state a claim for relief for deliberate indifference to a serious medical need, a plaintiff must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. As stated above, the plaintiff

must allege facts that make it plausible that the defendant possessed a (1) subjective knowledge of a risk of serious harm, (2) disregarded that risk, and did so (3) by conduct that constituted more than gross negligence. *See Hoffer*, 973 F.3d at 1270. However, "a mere difference in medical opinion does not constitute deliberate indifference." *Packer v. Lamour,* No. 21-10022, 2022 WL 1297821, at *2 (11th Cir. May 2, 2022) (per curiam) (citing *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).[1]

In his Complaint, Lockhart alleges that Cunningham decided Plaintiff no longer qualified for or should be prescribed a walker and medical passes. Based on the Complaint, it appears the medical professionals determined that Lockhart's condition no longer met the criteria for the passes or walker and that a cane would help with Lockhart's stability. (Doc. 1 at 15.) But that sort of difference in medical opinion does not state a deliberate indifference claim. *Waldrop*, 871 F.2d at 1033. *See Packer*, 2022 WL 1297821, at *3 ("a difference in medical opinion does not constitute deliberate indifference") (citing *Waldrop*, 871 F.2d at 1033). Nor does that determination alone by Cunningham or others make it plausible that they knew of a serious risk of harm and disregarded it.

Lockhart's allegations of medical negligence or medical malpractice also do not satisfy the stringent deliberate indifference standard. *See Estelle*, 429 U.S. at 105-106 (a

---

[1] The Court finds the reasoning of *Packer* persuasive. *See McNamara v. Gov't Emp. Ins. Co.*, 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but are not binding precedent). *See* Rule 32.1, Fed. R. App. P.

claim of a negligent diagnosis or treatment does not state a valid claim of medical mistreatment under the Eighth Amendment). These allegations of medical malpractice do not rise to the level of a constitutional violation merely because Lockhart is a prisoner. *Id.* at 106. In order to demonstrate an Eighth Amendment violation, an inmate must show the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted). Lockhart does not describe medical care that is so grossly incompetent that it shocks the conscience. Furthermore, to the extent Lockhart seeks to hold administrative reviewers and supervisors liable for the actions of others, his claim fails absent their direct involvement or implementation of a policy that caused the unconstitutional harm. *See Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

III.    **Conclusion**

For the foregoing reasons, the following is **ORDERED**:

1.  Lockhart's Complaint (Doc. 1) is **DISMISSED without prejudice** to the filing of an amended complaint **by July 5, 2022.**

8

   a. To amend his complaint, Lockhart should completely fill out a new civil rights complaint. On the new form, Lockhart must mark it as "Amended Complaint." The amended complaint must include ***all*** of Lockhart's claims in this action that he wishes to pursue. It may not refer to or incorporate prior complaints.

   b. The amended complaint supersedes all prior complaints, and all claims must be raised in the amended complaint.

2. **Lockhart is advised that failure to fully comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice. Failure to file a timely amended complaint will deprive this Court of jurisdiction to entertain any prejudgment motions, including extensions of time.**

3. The Clerk is directed to mail to Lockhart, along with this Order, a standard prisoner civil rights complaint form.

**ORDERED** in Ocala, Florida on June 21, 2022.

Kathryn Kimball Mizelle
United States District Judge