UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDWIN W. LOCKHART,
    Plaintiff,

v.   Case No. 5:22-cv-194-KKM-PRL

DUANE CUNNINGHAM, et al.,
    Defendants.
_____

**ORDER**

Plaintiff Edwin W. Lockhart sues one medical professional in his individual capacity under 42 U.S.C. § 1983. (Doc. 8.) Lockhart alleges he was denied adequate medical care while incarcerated at Marion Correctional Institution. (*Id.* at 4.) For the reasons explained below, the case is dismissed.

I.   **Legal Background**

    a.  <u>Section 1915</u>

Under 28 U.S.C. § 1915A(a), federal courts must conduct an initial screening of civil suits brought by prisoners seeking redress from a governmental entity or its employee to determine whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) that is frivolous, malicious, fails to state a claim for relief,

or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2).

A complaint is frivolous if it is without arguable merit either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)"). Additionally, courts must read a plaintiff's pro se allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

   b. Section 1983

Lockhart's claim arises under 42 U.S.C. § 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990) (citations omitted). To successfully plead a § 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* at 996–97 (citations omitted). Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

2

II.  Analysis

Lockhart, who is confined at Marion Correctional Institution (MCI) and proceeds pro se in this action, sues Duane Cunningham, a Nurse Practitioner at MCI employed by Centurion of Florida, LLC (Centurion). Lockhart claims the Defendant subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and deprived him of his right to due process of law in violation of the Fourteenth Amendment of the United States Constitution. (Doc. 1 at 3.) Lockhart contends that the Defendant's acts denied him "adequate care." (*Id.* at 4.)

Lockhart alleges that on December 15, 2021, Defendant Cunningham took away Lockhart's walker and all of his medical passes, and three days later, on December 18, 2021, Defendant Cunningham took Lockhart's walking cane. (*Id.*) Lockhart is a veteran who received a disability rating of 60 percent from the Department of Veterans Affairs (VA) and is recognized as an American with a disability. (*Id.* at 5.) Lockhart alleges, after the mobility devices were taken away, he fell numerous times, resulting in scrapes and bruises. (*Id.*) Sgt. Robinson directed inmates to pick Lockhart up and he then provided Lockhart with a cane. (*Id.*) Lockhart complains that he has shown deliberate indifference by the medical care provided and has been offered only over-the-counter pain medication. (*Id.*)

Lockhart filed a grievance on December 15, 2021, complaining that Defendant Cunningham told Lockhart he did not need a walker, and Cunningham would take the

3

walker and give Lockhart a cane. (*Id.* at 16.) Lockhart grieved the denial of the walker and passes. (*Id.* at 16-17.) On December 16, 2021, Carrie Daffron denied the grievance and responded that Lockhart's medical condition does not meet the criteria for passes or a walker, but a cane will help with stability. (*Id.* at 16-17.) Lockhart grieved the denial of the walker and passes to the Warden, and medical staff responded that Lockhart had been diagnosed with mild degeneration of the lumbar and did not meet the criteria for passes or a walker. (*Id.* at 19-21.) Lockhart appealed to the Secretary of the Florida Department of Corrections asking for passes and a walker, and Michelle Schouest, responded on February 11, 2022, stating Lockhart was seen by the medical provider on January 20, 2022, to address the matter of passes. (*Id.* at 23-24.) On February 24, 2022, Lockhart filed another grievance about the passes and walker, and K. M. Sites denied relief, stating Lockhart's medical conditions do not meet the criteria for passes or a walker. (*Id.* at 26-27.) Lockhart seeks injunctive relief and actual and punitive damages as well as all other relief that the Court deems appropriate. (*Id.* at 5.)

To allege deliberate indifference to a serious medical need, a plaintiff must allege an objectively serious medical need and that a prison official acted with an attitude of "deliberate indifference" to that serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize

4

the necessity for a doctor's attention." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). To demonstrate deliberate indifference, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (alteration in original) (internal quotation marks and citation omitted). *See Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020) (same); *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008) (same).

Lockhart's vague and conclusory allegation of a deprivation of due process is deficient and devoid of factual support. Lockhart has failed to state a plausible claim for a denial of due process under the Fourteenth Amendment against Defendant Cunningham, a nurse practitioner. As such, the due process claim will be dismissed.

To the extent Lockhart is raising a substantive due process claim based on the alleged denial of adequate medical care, such a claim is redundant of the Eighth amendment claim that he asserts. Lockhart is a convicted felon confined in state prison; therefore, the Eighth Amendment's Cruel and Unusual Punishments clause "provides an explicit textual source of constitutional protection," and that amendment guides the analysis, "not the more generalized notion of 'substantive due process.'" *Graham v. Connor*, 490 U.S. 386, 395 (1989).

5

An Eighth Amendment claim for deliberate indifference to a serious medical need is cognizable under § 1983, but to state a claim for relief for deliberate indifference to a serious medical need, a plaintiff must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. As stated above, the plaintiff must allege facts that make it plausible that the defendant possessed a (1) subjective knowledge of a risk of serious harm, (2) disregarded that risk, and did so (3) by conduct that constituted more than gross negligence. *See Hoffer*, 973 F.3d at 1270. However, "a mere difference in medical opinion does not constitute deliberate indifference." *Packer v. Lamour*, No. 21-10022, 2022 WL 1297821, at *2 (11th Cir. May 2, 2022) (per curiam) (not reported in F. Rep.) (citing *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).[1]

In his Amended Complaint, Lockhart alleges that Defendant Cunningham decided Plaintiff no longer qualified for or should be prescribed a walker and medical passes. The exhibits show the medical professionals determined that Lockhart's condition no longer met the criteria for the passes or walker and that a cane would help with Lockhart's stability. When prison medical practitioners provide medical care for prisoners, "federal courts are generally reluctant to second guess medical judgments." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985), *cert denied*, 475 U.S. 1096 (1986).

---

[1] The Court finds the reasoning of *Packer* persuasive. *See McNamara v. Gov't Emp. Ins. Co.*, 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but are not binding precedent). *See* Rule 32.1, Fed. R. App. P.

Lockhart's grievances concern Cunningham's decision to take away the walker and no longer prescribe passes. No mention is made of Defendant Cunningham taking away Lockhart's cane. Based on a thorough review of the Amended Complaint and exhibits, Lockhart did not exhaust any administrative remedies concerning the denial of a cane.[2] (I*d.* at 7.)

The sort of difference in medical opinion of which Lockhart complains does not adequately allege a deliberate indifference claim under § 1983. *Waldrop*, 871 F.2d at 1033. *See Packer*, 2022 WL 1297821, at *3 ("a difference in medical opinion does not constitute deliberate indifference") (citing *Waldrop*, 871 F.2d at 1033). Nor does that determination alone by Cunningham or others make it plausible that they knew of a serious risk of harm and disregarded it.

Lockhart does not allege facts showing the conditions he endures are so extreme that they pose a risk of serious damage to his health or that Defendant Cunningham disregarded a known risk of serious harm to Lockhart. Indeed, Lockhart does not describe medical care that is so grossly incompetent that it shocks the conscience. At most, Lockhart has presented a medical malpractice claim, a state tort, not a constitutional deprivation. His contentions do not rise to the level of constitutional violations as Lockhart describes

---

[2] Curiously, no mention is made of Cunningham taking away Lockhart's cane in the original Complaint. (Doc. 1.) Assuming arguendo Defendant Cunningham took a cane, Lockhart states prison staff provided him with a cane for his use.

7

"[m]ere incidents of negligence or malpractice." *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991).

Lockhart's allegations of medical negligence or medical malpractice do not satisfy the stringent deliberate indifference standard. *See Estelle,* 429 U.S. at 105-106 (a claim of a negligent diagnosis or treatment does not state a valid claim of medical mistreatment under the Eighth Amendment). Also, these allegations of medical malpractice do not rise to the level of a constitutional violation merely because Lockhart is a prisoner. *Id.* at 106. In order to demonstrate an Eighth Amendment violation, an inmate must show the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris,* 941 F.2d at 1505 (citation omitted). Lockhart's complaint of subpar diagnosis and treatment is insufficient to support a claim of cruel and unusual punishment.[3]

Upon review, Lockhart's allegations show he merely disagrees or is dissatisfied with the treatment he received from Defendant Cunningham. Lockhart's primary contention is that Cunningham has been negligent in diagnosing or treating a medical condition; however, this does not state a valid claim of medical mistreatment under the Eighth

---

[3] In one grievance, Lockhart complained he was never given an MRI and that an X-ray is a deficient diagnostic technique for making an accurate assessment of the condition of his back and for making a competent medical diagnosis. (Doc. 8 at 23). In *Adams v. Poag,* 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted), the Eleventh Circuit explained, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment."

Amendment. *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam) (quotation and citation omitted). Even a liberal construction of Lockhart's substantive allegations reveals he has little or no chance of success as his allegations do not support a claim that his federally protected rights were violated.

III.  **Conclusion**

Reading the Amended Complaint (Doc. 8) liberally, the Court concludes that Lockhart's allegations of medical malpractice do not rise to the level of a constitutional violation. Because Plaintiff fails to state a plausible constitutional claim for relief against Defendant Cunningham and has previously been given an opportunity to amend the complaint, the case is dismissed under 28 U.S.C. § 1915(e)(2)(B).

For the foregoing reasons, the following is **ORDERED**:

1. The case is **DISMISSED** without prejudice.

2. The Clerk is **DIRECTED** to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**ORDERED** in Ocala, Florida on July 12, 2022.

Kathryn Kimball Mizelle
United States District Judge